UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KENYON L. CALDWELL** | **CIVIL ACTION NO. 3:10-cv-0526** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **OFFICER DOUG LAMBERT** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Kenyon L. Caldwell, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 25, 2010. Plaintiff is a detainee at the Ouachita Parish Corrections Center (OPCC), Monroe, Louisiana. He is being detained awaiting trial on various charges filed in the Fourth Judicial District Court.

He complains that he was falsely arrested by Officer Doug Lambert of the Monroe Police Department on March 4, 2010. He sued Officer Lambert and prayed "... to help us young people get justice because police here in Monroe are bringing false charges on a lot of us and we ... can't get out because the system here is very bad and slow..." This complaint has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Background*

Plaintiff claims that he was falsely arrested and imprisoned and he implies that the on-going prosecution is groundless. He also claims that the defendant and another officer used excessive force to effect his arrest and violated his Fourth Amendment rights by conducting an unlawful search of his person. However, according to the Affidavit of Probable Cause submitted by Officer Lambert, the plaintiff resisted arrest and was ultimately charged with possession of Schedule I drugs, two

counts of resisting arrest by violence and one count of resisting arrest by interfering.[1]

## *Law and Analysis*

### *1. Habeas Corpus vs. Civil Rights*

As noted above, plaintiff's prayer for relief is vague. Plaintiff implies that he is innocent and entitled to dismissal of the pending state criminal charges and thus his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action, and, since in this instance the plaintiff attacks the lawfulness of pending state criminal charges, his remedy, if any, is afforded by 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal *habeas corpus*

---

[1] See http://www.cela.com/AffView.aspx?ImgBookAff=GSImages/10-3073180.png

relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225; *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Furthermore, a federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal

court." *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226. The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" from one who seeks only to enforce the state's obligation to bring him promptly to trial. *Dickerson*, 816 F.2d at 225. In *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976), the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

Petitioner seeks dismissal of the pending charges and his release from custody, and as shown above, that relief is not available in a civil rights action. Further, he is not entitled to *habeas corpus* relief because he has not yet exhausted available state court remedies.[2]

### 3. *Heck v. Humphrey* and *Wallace v. Kato* Considerations

Plaintiff contests the legality of his arrest, prosecution, and continued imprisonment. He is

---

[2] Of course, even if exhaustion were not at issue, it is unlikely that plaintiff would be entitled to *habeas corpus* relief since such relief would necessitate Federal court involvement in an on-going state criminal prosecution.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to enjoin state criminal prosecutions absent truly extraordinary circumstances. *Id.* at 44. There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir.1996). If those factors are satisfied, then the federal court may only enjoin a pending state criminal court proceeding if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Younger*, 401 U.S. at 49, 91 S.Ct. 746; *Trainor v. Hernandez,* 431 U.S. 434, 446, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984). Plaintiff's claims clearly involve an "ongoing state judicial proceeding;" further, the State of Louisiana has an important state interest in the subject matter of the proceeding; and the State of Louisiana affords plaintiff with ample and adequate opportunities to litigate his constitutional challenges.. That said, plaintiff has not alleged any grounds that would warrant federal intervention into this on-going prosecution in the Louisiana court.

a pre-trial detainee and the complained of prosecution is on-going. Plaintiff implies that he is entitled to money damages based upon these alleged violations of his Constitutional rights.

Of course, if plaintiff is ultimately convicted of these now pending charges, he may not be entitled to seek damages for the wrongful arrest, imprisonment, and prosecution until such time as the conviction in question has been declared invalid.[3] See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions.

On the other hand, since the criminal prosecution remains pending, *Heck* does not apply at this time. See *Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) However,

---

[3] Likewise, in light of the pending charges of resisting arrest by force, a conviction on those charges would likely prohibit recovery with respect to his excessive force claim since the conviction would imply that the use of force by the officers was reasonable under the circumstances. See *Sappington v. Bartee*, 195 F.3d 234 (5th Cir.1999)(In holding that *Heck* barred the plaintiff's § 1983 excessive force claim, the Fifth Circuit reasoned, "the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction." *Id.*)

federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

Thus, to the extent that plaintiff seeks money damages for his allegedly wrongful arrest, incarceration, and prosecution, his claims should be stayed pending the outcome of the on-going criminal prosecution.

### *Conclusion and Recommendation*

Based on the foregoing

**IT IS RECOMMENDED** that this action– insofar as it seeks monetary damages for wrongful arrest, imprisonment and prosecution –  be **STAYED** under the following conditions:

    a.    Within thirty (30) days of the date the state court criminal proceedings against Plaintiff have concluded, the parties must file a status report with the Clerk of Court;

    b.    If, after conclusion of the state court criminal proceedings, the stay is lifted and the Court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994); if no such finding is made, the action will proceed at that time, absent some other bar to suit. See *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007);

    c.    In light of the stay, Plaintiff should not file any more documents in this action until the state court proceedings have concluded; and

    d.    Defendants shall not be required to answer during the pendency of the

stay, and Plaintiff may not seek a default judgment or conduct any discovery.

**IT IS FURTHER RECOMMENDED** that this action – insofar as plaintiff seeks the dismissal of the pending criminal charges and his immediate release from custody – be construed as a petition for writ of *habeas corpus* **AND** that it be **DISMISSED WITHOUT PREJUDICE** because plaintiff failed to exhaust available state court remedies prior to filing his suit.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, June 30, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE