UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **KENYON L. CALDWELL** | \* | **CIVIL ACTION NO.   10-0526** |
| **VERSUS** | \* | **JUDGE ROBERT G. JAMES** |
| **DOUG LAMBERT / OFFICER** | \* | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion for summary judgment [doc. # 18] filed by defendant Doug Lambert.  For reasons stated below, it is recommended that the motion be **GRANTED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

Background

On March 25, 2010, *pro se* plaintiff Kenyon L. Caldwell, proceeding *in forma pauperis*, filed the instant civil rights complaint against Officer Doug Lambert pursuant to 42 U.S.C. § 1983.  At the time that he filed his complaint, plaintiff was a pre-trial detainee at the Ouachita Parish Corrections Center (OPCC), Monroe, Louisiana.  Caldwell contends that on March 4, 2010, Officer Doug Lambert of the Monroe Police Department and another officer used excessive force to effect an unlawful search and arrest of his person in violation of the Fourth Amendment.

On June 30, 2010, the undersigned recommended that the complaint, insofar as it sought plaintiff's immediate release from custody, be construed as an application for writ of habeas corpus and that it be dismissed without prejudice because plaintiff failed to exhaust available

state court remedies prior to filing his federal suit. (June 30, 2010, Report & Recommendation [doc. # 7]). The report further recommended that the complaint, insofar as plaintiff sought damages for wrongful arrest, imprisonment, and prosecution be stayed until such time as the pending criminal charges were resolved. *Id*.

On August 2, 2010, the district court adopted the recommendation, dismissed the complaint insofar as it was construed as a petition for writ of habeas corpus, and stayed the claim for damages stemming from wrongful arrest, imprisonment, and prosecution, pending resolution of the criminal prosecution. (Aug. 2, 2010, Judgment [doc. # 9]). The court directed the parties to file a status report with the Clerk of Court within 30 days of the date that the state criminal proceedings concluded. *Id*.

On March 10, 2011, it came to the court's attention that Caldwell's state court proceedings were concluded on October 28, 2010, with plaintiff's sentencing. (March 11, 2011, Mem. Order [doc. # 12]). Accordingly, the court ordered the parties to file a status report by March 25, 2011, and to show cause why they should not be sanctioned for failure to comply with the court's August 2, 2010, Judgment. *Id*.

Following responses from the parties, the court lifted the stay, thus permitting Lambert to file the instant motion for summary judgment on May 5, 2011. The motion seeks dismissal of plaintiff's complaint on the basis of *Heck v. Humphrey*, as well as on the merits of the claims.[1] The briefing deadline has since lapsed, but plaintiff did not file a response. Accordingly, the motion is deemed unopposed. (Notice of Motion Setting [doc. # 20]).[2] The matter is now before

---

[1] Although the motion invokes Federal Rules of Civil Procedure 12(c) and/or (d), it is apparent that the motion seeks summary judgment pursuant to Rule 56.

[2] Notwithstanding defendant's representation that plaintiff opposes the motion. *See* MSJ.

the court.

## Summary Judgment Principles

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3) (emphasis added). While courts will "resolve factual

3

controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[3] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

## Analysis

**I. Plaintiff's Claims for Unlawful Search and Seizure are Barred by *Heck v. Humphrey***

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), and as clarified in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court stated,

> [w]e hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. . . . Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the

---

[3] I.e., beyond doubt.

4

>plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

In other words, *Heck* prohibits the use of §1983 complaints as a means of collaterally attacking outstanding state convictions. *Heck* explained, however, that

>[a] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the §1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, ... and especially harmless error, ... such a §1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

*Id*. at 487 n. 7, 114 S.Ct. 2364 (internal citations omitted).

Thus, a §1983 claim for unlawful arrest does not necessarily undermine the validity of an underlying conviction. *Brown v. Sudduth*, 255 Fed. Appx. 803, *3 (5th Cir. Nov. 7, 2007) (unpubl.).

In support of his motion for summary judgment, defendant adduced a certified copy of court minutes in *State of Louisiana v. Kenyon L. Caldwell*, Case # 10-M-000952 (4th J.D.C. Oct. 28, 2010), wherein Caldwell entered a plea of guilty to Count 1, Possession of Marijuana. (Minutes, Def. Exh. A). However, Count 2 for Resisting an Officer was dismissed. *Id*. The court sentenced Caldwell to time served. *Id*.

As discussed above, plaintiff contends that on March 4, 2010, Officer Lambert subjected him to an unlawful search and seizure that violated his rights under the Fourth Amendment (as extended to the states via the Fourteenth Amendment). *See* Amend. Compl. Plaintiff alleges that Lambert's actions caused him to lose his job, miss his child support payments, and to violate the terms of his parole. (Compl. & Amend. Compl.). *Id*. In short, plaintiff alleges damages stemming from his imprisonment. However, compensatory damages for a constitutional injury require proof of actual injury. *Memphis Community School Dist. v. Stachura*, 477 U.S. 299,

5

307-310, 106 S.Ct. 2537, 2543-2544 (1986) (citations omitted). Here, plaintiff's guilty plea to possession of marijuana and sentence of time-served precludes a claim for compensatory damages stemming from the same period of incarceration. Stated differently, plaintiff has not suffered any compensable injury for incarceration so long as he was incarcerated pursuant to an otherwise valid conviction and sentence.[4] As the Supreme Court remarked, "to recover compensatory damages . . ., the §1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Heck, supra* (internal citation omitted). Accordingly, under *Heck*, plaintiff must demonstrate that his conviction has been reversed, invalidated, or expunged before he can bring a civil action seeking money damages for unlawful search and seizure. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).[5] Plaintiff has failed to make the requisite showing.[6]

## II. Plaintiff Failed to Adduce Evidence that he Suffered a Cognizable Injury to Support his Excessive Force Claim

To the extent that plaintiff's complaint, as amended, may be read to assert a claim for excessive force, defendant does not contend that this claim is barred by *Heck*. Instead, defendant argues that plaintiff did not sustain a constitutionally cognizable injury. An excessive use of

---

[4] There is no evidence or allegations that plaintiff suffered any additional period of incarceration as a result of a loss of parole. Even so, an action attacking the validity of parole proceedings is subject to the *Heck* requirement. *Johnson v. Murray*, 2011 WL 1085613 (5th Cir. Mar. 24, 2011) (unpubl.)

[5] There is no indication that plaintiff seeks nominal or punitive damages. *See Mayfield v. Texas Dept. Of Criminal Justice*, 529 F.3d 599, 605-606 (5th Cir. 2008) (complaint sought only compensatory damages).

[6] Because of the undersigned's recommended resolution of the *Heck* issue, the court does not reach the merits of plaintiff's claims for unlawful search and seizure.

force claim requires a plaintiff to demonstrate that he suffered "(1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." *Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010) (citation omitted). Furthermore, the "injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed." *Id*. Plaintiff must have "suffered at least some form of injury." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (citations and internal quotation marks omitted).

In support of his motion for summary judgment, Lambert has adduced evidence that plaintiff never complained about cuts, bumps, bruises, aches or pains at the time of arrest. (Affidavit of Bruce Brooks; Def. Exh. B). Moreover, plaintiff never asked for any medical attention. (Affidavit of Douglas Lambert; Def. Exh. C). Plaintiff also did not complain of any injuries at the time that he was booked into the OPCC after his arrest. (Affidavit of Amy Reid; Def. Exh. E). During the subsequent physical examination performed by the OPCC medical doctor, plaintiff did not complain of any injuries. *Id*.

In response to defendant's motion, plaintiff has not come forward with any competent summary judgment to establish that he suffered a cognizable injury caused by defendant's alleged use of excessive force. Although plaintiff alleges in his amended complaint that his neck still "bothers" him, plaintiff's unsworn allegation does not constitute evidence. Further, while the court may consider plaintiff's original complaint as competent summary judgment evidence (because it is signed under penalty of perjury),[7] plaintiff alleges solely that defendant became "rough" with him, placed him in a "bad situation," and dragged him to his car. (Compl.). These

---

[7] *See* 28 U.S.C. § 1746.

bare assertions, without more, do not suffice to state a constitutionally cognizable injury. Thus, on the instant summary judgment record, the court is compelled to find that no reasonable trier of fact could find that the use of force by Officer Lambert was excessive or objectively unreasonable. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 411 (5th Cir. 2008) (no reasonable trier of fact could find for the nonmoving party).[8]

## Conclusion

For the above-assigned reasons,

**IT IS RECOMMENDED** that the motion for summary judgment [doc. # 18] filed by defendant, Doug Lambert, be **GRANTED**, and that judgment be entered in favor of said defendant, dismissing with prejudice plaintiff's complaint, in its entirety. Fed.R.Civ.P. 56.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

---

[8] The undersigned emphasizes that "in the face of the defendant's properly supported motion for summary judgment, the plaintiff [can]not rest on his allegations . . . to get to [trial] without any significant probative evidence tending to support the complaint." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citations and internal quotation marks omitted). Furthermore, "a district court has no obligation to provide a pro se litigant with particularized instructions on the requirements and consequences of summary judgment." *Stingley v. Den-Mar, Inc.*, 347 Fed. Appx. 14, 20 (5th Cir. Sept. 1, 2009) (unpubl.) (citation omitted).

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 21st day of June 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE